**Ex parte Jesse Joe PATRICK.**

**No. 23159–03.**

Court of Criminal Appeals of Texas, En Banc.

April 22, 1998.

Roy E. Greenwood, Austin, for Appellant.

Lindsey C. Roberts, Assistant District Attorney, Dallas, Matthew Paul, State's Attorney, Austin, for State.

**BAIRD, Judge, concurring.**

This is a post-conviction application for writ of habeas corpus filed pursuant to Tex. Code Crim. Proc. Ann. art. 11.071. Applicant alleges he was denied the effective assistance of counsel during the habeas process when the habeas judge denied counsel's request to review the prosecuting attorney's file. The habeas court correctly determined the statute contains no express provisions controlling post-conviction discovery and:

> merely mandates that "if the convicting court determines that controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist," the habeas court may utilize affidavits, depositions, interrogatories, personal recollections, and evidentiary hearings to resolve those controverted issues. *See* Article 11.071 § 9(a).

Findings of Fact and Conclusions of Law, p. 38. (emphasis in the original).

In all post-conviction cases, but especially a capital case, the more prudent course of action would be to allow access to the prosecutor's files. In the vast majority of cases, surely there is nothing to hide and no harm can be done. However, if the file contains exculpatory evidence justice demands that it be disclosed. *See, Cook v. State,* 940 S.W.2d 623 (Tex.Cr.App.1996); *Ex parte Mitchell,* 853 S.W.2d 1 (Tex.Cr.App.1993); and, *Ex parte Adams,* 768 S.W.2d 281 (Tex.Cr.App. 1989). And this disclosure may be accomplished by court order, even though the statute contains no express provisions controlling post-conviction discovery. *See generally,* *Thomas v. State,* 841 S.W.2d 399 (Tex.Cr. App.1992).

With these comments, I concur.